UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
IP VENTURE, INC.,

                Plaintiff,

    v.

INTERNATIONAL BUSINESS
MACHINES CORPORATION,

                Defendant.
------------------------------------------------------x

SCHEDULING ORDER

12 cv 0418 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

    WHEREAS, the Court issued an Order for a Conference in accordance with Fed. R. Civ. P. 16(b) (the "Order"); and

    WHEREAS, the Order requires that the parties jointly prepare and sign a proposed Scheduling Order containing certain information;

    NOW, THEREFORE, the parties hereby submit the following information as required by the Order:

1. The Rule 16(b) Conference took place on July 9, 2012.

    Appearances:

    a. Paul H. Kochanski and Kiril Dimov on behalf of IP Venture, Inc.

    b. Jon T. Hohenthaner and Eric J. Stieglitz on behalf of International Business Machines Corporation.

2. Automatic disclosures will be made on July 30, 2012.

3. A concise statement of the issues as they appear:

    a. Joint Statement: Plaintiff IP Venture, Inc. alleges that Defendant International Business Machines Corporation has directly infringed claims of U.S. Patent Nos. 7,197,547; 7,509,407; and 7,930,416, by the manufacture, use, offer for sale, and/or sale in the United States of systems such as the IBM Websphere Commerce System. Plaintiff also alleges that the alleged acts of infringement by Defendant were with the knowledge of the patents-in-suit, and therefore, were "willful."

1

Defendant International Business Machines Corporation denies all allegations of infringement of the patents-in-suit and also denies that it has willfully infringed such patents. As defenses, Defendant alleges (1) that the Complaint fails to state a claim on which relief can be granted; (2) that Defendant has not infringed any claim of the patents-in-suit either directly or indirectly or literally or under the doctrine of equivalents; (3) that the patents-in-suit are invalid for failing to comply with one or more of the conditions for patentability as set forth in Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112 and under the doctrine of double patenting; (4) that Plaintiff's claims are barred in whole or in part by the doctrines of laches and prosecution laches; (5) that Plaintiff's claims are barred by 28 U.S.C. § 1498 to the extent they relate to use or manufacture of the inventions of the patents-in-suit by or for the United States; (6) that Plaintiff's claims for injunctive relief are barred because Plaintiff fails to meet the requirements of obtaining injunctive relief; and (7) that Defendant has not willfully infringed any of the patents-in-suit.

4. Schedule:

   a. Names of persons to be deposed and a schedule of planned depositions:

   Plaintiff's Position: At this time Plaintiff intends to depose:

   i. Defendant pursuant to Fed. R. Civ. P. 30(b)(6).

   ii. Individuals with knowledge of the systems such as the IBM Websphere Commerce System which are load balanced server farm systems for effecting electronic commerce over a data network and which practice a method for effecting electronic commerce over a data network, and their use.

   iii. Individuals with knowledge of information pertaining to damages in this matter, including but not limited to Defendant's revenues, profits and costs associated with the accused products as well as Defendant's prior licensing activities.

   iv. Potential third parties, including, but not limited to, customers and users of the products alleged to infringe.

   v. Any experts relied on by Defendant.

   vi. Any other persons identified by Defendant or third parties during discovery as having knowledge of the facts at issue.

   Defendant's Position: At this time, Defendant intends to depose:

   i. Plaintiff pursuant to Fed. R. Civ. P. 30(b)(6).

   ii. Andrew Karl Miller (named inventor on the patents-in-suit).

   iii. Jack Dee Menendez (named inventor on the patents-in-suit).

iv. Ajit Ramachandra Mayya (named inventor on the patents-in-suit).

v. Current or former employees (or 30(b)(6) designees) of entities that have or had an interest in the patents-in-suit or this litigation, including, but not limited to Webvan Group, Inc. and Kaiser Foundation Hospitals.

vi. Potential third parties, including, but not limited to individuals knowledgeable about prior art to the patents-in-suit and the preparation and prosecution of the patents-in-suit.

vii. Any experts relied on by Plaintiff.

viii. Any other persons identified by Plaintiff or third parties during discovery as having knowledge of the facts at issue.

The parties believe that fact discovery, including the above depositions, can be completed by the proposed deadline for fact discovery (30 days after a claim construction ruling).

b. A schedule for the production of documents:

Documents shall be produced in accordance with the timelines set forth in the Federal Rules of Civil Procedure.

c. Dates by which:

i. Last day to join other parties or amend the pleadings without seeking leave of court - December 10, 2012.

ii. Preliminary Contentions:

1. By August 15, 2012, Plaintiff must respond to a contention interrogatory related to infringement and serve on Defendant preliminary infringement contentions.

2. By September 10, 2012, Defendant must respond to a contention interrogatory related to invalidity and will serve on Plaintiff its preliminary invalidity contentions.

d. The parties propose the following schedule for resolving claim construction issues that may arise:

| Exchange list of terms for claim construction | October 8, 2012 |
| --- | --- |
| Exchange list of proposed constructions and identification of all extrinsic evidence, including the identity of any expert that may be used. | November 8, 2012 |

3

| | |
|---|---|
| File joint claim construction statement that sets forth each side's proposed claim constructions | December 10, 2012 |
| File opening claim construction briefs | December 17, 2012 |
| File responsive claim construction brief | January 14, 2013 |
| Claim construction hearing | February 2013 |

e. Expert Reports:

   i. Expert reports on issues on which a party bears the burden of proof shall be submitted within 45 days of the issuance of a claim construction ruling.

   ii. Rebuttal expert reports shall be submitted within 30 days of receipt of opening expert reports.

   iii. Expert depositions shall be completed within 30 days of receipt of rebuttal expert reports.

f. Time when discovery is to be completed:

   i. Fact discovery - 30 days from issuance of claim construction ruling.

   ii. Expert discovery - 30 days after receipt of rebuttal expert reports.

g. Dispositive and *Daubert* motions:

   i. Moving papers within 30 days after close of expert discovery.

   ii. Opposition filed within 21 days after service of moving papers.

   iii. Reply filed within 14 days after service of opposition papers.

h. The date by which Plaintiff will supply its pretrial order matters to Defendant:

   Plaintiff shall supply its pretrial order matters to Defendant 30 days after service of replies to dispositive and *Daubert* motions.

i. The date by which the parties will submit a pretrial order in a form conforming with the Court's instructions together with trial briefs and either (1) proposed findings of fact and conclusions of law for a nonjury trial, or (2) proposed *voir dire* questions and proposed jury instructions, for a jury trial; and

   The parties shall supply their pretrial order 30 [handwritten, replacing 60] days after Plaintiff serves its pretrial order material.

4


j. A space for the date of a ~~final pretrial conference pursuant to Fed. R. Civ. P. 16(d)~~, to be filled in by the Court at the conference.

_Feb. 11 at 10 AM (Markman)_

5. A statement of any limitations to be placed on discovery, including any protective or confidential orders;

   a. The parties will meet and confer and submit an agreed protective order, highlighting any issues that are disputed by July 30, 2012.

   b. The E-Discovery Model Order promulgated by the E-Discovery Committee of the Federal Circuit Advisory Counsel, attached hereto as Exhibit A, shall apply to this action.

6. A statement of those discovery issues, if any, on which counsel, after a good faith efforts, were unable to reach an agreement:

   At this time there are no disputed discovery issues.

7. Anticipated fields of expert testimony, if any:

   a. <u>Claim Construction</u>: The parties may use expert testimony for the claim construction hearing. The parties will meet and confer on whether technical experts will be used in connection with claim construction. To the extent a party is going to rely on expert testimony in support of tis claim construction positions, the party agrees to serve an expert declaration with its opening brief and make the expert available for deposition about the subject matter of the declaration within two weeks of serving its opening brief. A party may also rely on expert testimony to rebut a declaration served with an opening brief. In such case, the party shall serve a rebuttal declaration with its responsive claim construction brief and make the expert available for deposition about the subject matter of the rebuttal declaration within two weeks of service of the rebuttal declaration.

   b. <u>Plaintiff's Position</u>: At trial, IP Venture, Inc. anticipates expert testimony on issues of infringement, validity, damages, and an expert on the relevant market and importance of the technology to that market.

   c. <u>Defendant's Position</u>: At trial, Defendant anticipates calling experts that may include: (1) rebuttal experts pertaining to areas of testimony advanced by Plaintiff's experts (e.g., noninfringement and damages); (2) prior art and invalidity expert(s); and (3) technical expert(s) pertaining to the patents-in-suit and the accused product(s).

8. Anticipated length of trial and whether to court or jury:

   a. The parties' position is that trial will take no longer than seven (7) trial days.

9. The Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference or when justice so requires.

10. Names, address, phone numbers, and signatures of counsel:

*/s/ Paul H. Kochanski*

Joseph S. Littenberg
Paul H. Kochanski
Kiril Dimov
LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, New Jersey 07090
Tel: 908.654.5000
Fax: 908.654.7866
E-mail: jlittenberg@ldlkm.com
 pkochanski@ldlkm.com
 kdimov@ldlkm.com

*Attorneys for Plaintiff*
*IP Venture, Inc.*

*/s/ John M. Desmarais*

John M. Desmarais
Jon T. Hohenthaner
Eric J. Stieglitz
DESMARAIS LLP
230 Park Avenue
New York, New York 10169
Tel: 212.351.3400
Fax: 212.351.3401
E-mail: jdesmarais@desmaraisllp.com
 jhohenthaner@desmaraisllp.com
 estieglitz@desmaraisllp.com

*Attorneys for Defendant*
*International Business Machines Corporation*

SO ORDERED:

_____
SHIRA A. SCHEINDLIN
U.S.D.J.

7/1/12

2514518_1.DOC

# EXHIBIT A

Addendum: Discovery Model Order

|  |  |
|---|---|
| Plaintiff,<br><br>v.<br><br>Defendant. | Case No. |

**[MODEL] ORDER REGARDING E-DISCOVERY IN PATENT CASES**

The Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This Order may be modified for good cause. The parties shall jointly submit any proposed modifications within 30 days after the Federal Rule of Civil Procedure 16 conference. If the parties cannot resolve their disagreements regarding these modifications, the parties shall submit their competing proposals and a summary of their dispute.

3. Costs will be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics will be cost-shifting considerations.

4. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

5. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include metadata absent a showing of good cause. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production.

6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests.

7. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

8. Email production requests shall be phased to occur after the parties have

2

exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances. While this provision does not require the production of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

9. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe.

10. Each requesting party shall limit its email production requests to a total of five custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case. Should a party serve email production requests for additional custodians beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

11. Each requesting party shall limit its email production requests to a total of five search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and

3

"system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

12. The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

13. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

14. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.